BERTHA A. DOW, Appellant, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

CLARENCE E. DOW, Appellant, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

First Department, November 22, 1918.

Negligence — injury from slipping and falling on sidewalk — ice caused in part from water from leaking leader pipe from defendant's stairway — evidence — erroneous dismissal of complaint.

Where in an action for personal injuries sustained by slipping and falling on a sidewalk, it may be fairly inferred from the evidence, taken in connection with other facts, that water had been leaking from a leader

which runs down from the defendant's stairway with a joint near the sidewalk, running along the sidewalk and freezing whenever there was a storm during a period of at least a week before the accident, and that the place where the accident happened was covered with ice formed in part at least from water from the defective leader, it is error to dismiss the complaint.

If the ice formed from the water coming from the defective leader aggravated and made more dangerous the condition of the sidewalk, the defendant is responsible for the dangerous condition created.

APPEALS by the plaintiff in each action, Bertha A. Dow and Clarence E. Dow, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 10th day of January, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*A. Mitchell Leslie* of counsel [*Neier & Van Derveer*, attorneys], for the appellants.

*B. H. Ames* of counsel [*Frederick Allis* with him on the brief; *James L. Quackenbush*, attorney], for the respondent.

SHEARN, J.:

These are actions by husband and wife growing out of personal injuries received by the wife in slipping and falling on her back as she was walking on the southerly side of Freeman street, in The Bronx, toward the west, just east of the Southern boulevard at a point where the sidewalk slopes toward the west. The complaint was dismissed at the close of plaintiff's case. The injured woman, who will be referred to as the plaintiff, was proceeding to a drug store at No. 924 Freeman street. The foot of defendant's elevated stairway is on the outer edge of the sidewalk in front of No. 928 Freeman street. Between the foot of this stairway and the iron steps leading to the adjacent stores the sidewalk was about three and one-half feet wide. Plaintiff, when she slipped, was in front of No. 926 but very near the dividing line between No. 926 and No. 924. Exact measurements are not given, but it is apparent that plaintiff, when she slipped, was between fifteen and twenty feet west of the foot of the elevated stairs. From the exhibits it appears that a leader

runs down on the store side of the stairway, with a joint near the sidewalk, from which point it turns at right ·angles and discharges into the street. The proof shows that for at least a week before the accident, and it might be inferred from the evidence that for a period of several weeks before the accident, there were holes in the tin pipe constituting the upper part of the leader, from which, whenever there was rain, water leaked out of the pipe, ran down the leader and dropped upon the sidewalk, from which point it spread out and ran down the grade. It was shown that some of the water which was thus discharged upon the sidewalk froze and that at the time of the accident, at the point where the plaintiff fell, the sidewalk was entirely covered with ice. It also appeared that, in a freezing rain storm, rain water naturally ran down this sidewalk and froze, making the place generally dangerous and slippery. The ground on which the complaint was dismissed was that it was not conclusively shown that the ice on which the woman slipped was formed from water coming from the leader. Of course if there were two possible causes of the ice, plaintiff was obliged to show that this ice on which she slipped was formed by the freezing of water that came from the leader. It was not necessary, however, as seems to be argued, that plaintiff should produce a witness ·who not only saw the water trickle out of the leader, but actually observed it in the process of freezing on the spot upon which plaintiff slipped. While the cause of the ice should not be guessed at, it could be inferred as any other fact can be inferred. Furthermore, if the ice formed from the water coming from the defective leader aggravated and made more dangerous the condition of the sidewalk, the defendant would be responsible for the dangerous condition created. There was testimony indicating that the conditions existing on the sidewalk in the immediate vicinity of the accident were aggravated by the freezing of water that flowed from the leader. It was a constantly recurring situation and kept the storekeepers busy putting on ashes and trying to get rid of the ice. One of plaintiff's witnesses, Smith, testified: " Q. Now, Mr. Smith, you testified, for at least over a week before the accident you noticed a break in the pipe, in the leader? A. Yes. Q. And did you notice any-

thing come out of that leader? A. Yes, sir. Q. What came? A. Water. Q. Where was it coming down? A. Down along the sidewalk. * * * Q. And was that the spot upon which Mrs. Dow slipped? A. Where the water ran, it of course froze and formed ice, and that is where she slipped. Q. That was the spot? A. Yes."

Giving the plaintiff the benefit of the usual rule prevailing on review of a nonsuit, it may be fairly inferred from this positive testimony, taken in connection with the other facts in the case, that water had been leaking from this pipe, running along the sidewalk and freezing whenever there was a storm during a period of at least a week before the accident, and that the spot upon which the woman slipped was covered with ice formed, in part at least, from water that came from this defective leader. It might be that, if the defendant's evidence were in, a recovery could not be sustained on a careful weighing of the evidence, but it cannot be doubted, as it seems to me, that in the present state of the record it was error to dispose of the matter as one of law and to dismiss the complaint.

The judgments should be reversed and new trials ordered, with costs to the appellants to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgments reversed and new trials ordered, with costs to appellants to abide event.